UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

ALFRED KELLY CARPENTER and
JUANITA SUE CARPENTER,

Debtors.
_____/

Case No. 6:05-bk-03334-ABB
Chapter 7

MARIE E. HENKEL, Chapter 7 Trustee,

Plaintiff,

vs.

UNITED STATES OF AMERICA,
ALFRED KELLY CARPENTER, and
JUANITA SUE CARPENTER,

Defendants.
_____/

Adv. Pro. No. 6:05-ap-00312-ABB

## MEMORANDUM OPINION

This matter came before the Court on the Amended Complaint for Turnover of Property of the Estate, to Avoid and Recover Fraudulent Transfer, to Avoid and Recover Post-petition Transfer and for Injunction (Doc. No. 8) ("Amended Complaint") and the Motion for Summary Judgment Against Defendants (Doc. Nos. 30, 31) ("Trustee's Motion for Summary Judgment") filed by Marie E. Henkel, the Chapter 7 Trustee herein ("Trustee"), against the United States of America ("IRS") and Alfred Kelly Carpenter and Juanita Sue Carpenter, the Debtors and Defendants by intervention herein (collectively the "Debtors").[1] Also before the Court is the IRS' Opposition and Cross-

---

[1] The Order granting the Debtors' motion to intervene as defendants was entered on January 27, 2005 ( Doc. No. 23).

Motion for Summary Judgment (Doc. No. 44) ("IRS' Motion for Summary Judgment") and the Trustee's Objection to Proof of Claim No. 3 Filed by the IRS (Main Case Doc. No. 100) ("Claim Objection").[2] The parties confirmed in open Court resolution of the competing motions for summary judgment will resolve all issues relating to the Complaint and the Claim Objection.

A final evidentiary hearing was held on November 21, 2006 at which the Trustee, counsel for the Trustee, the Debtors, counsel for the Debtors, and counsel for the IRS appeared. The IRS was directed to file a statement setting forth its calculations of tax liabilities and credits. The IRS filed a Summary of its calculations (Doc. No. 47) and the Debtors filed a Response thereto (Doc. No. 48). The Court makes the following Findings of Fact and Conclusions of Law after reviewing the pleadings and evidence, hearing live testimony and argument, and being otherwise fully advised in the premises.

## **FINDINGS OF FACT**

The Debtors filed a joint Chapter 7 bankruptcy petition on April 1, 2005 (the "Petition Date"). Mr. Carpenter is a certified public accountant who was a principal of a Kentucky accounting firm for many years. The Debtors filed joint federal income Form 1040 tax returns prepared by Mr. Carpenter for tax years 2003, 2004, and 2005. Mr. Carpenter derived income during those tax years from his former accounting firm and various businesses. Mrs. Carpenter is a homemaker. The Debtors' tax overpayments associated with tax years 2003, 2004, and 2005 are at issue. The material facts relating to Debtors' tax filings are not in dispute. The parties' dispute involves matters of law.

---

[2] The Trustee's Motion to combine her Claim Objection with Adversary Proceeding 6:05-ap-00312-ABB (Doc. No. 101) was granted on April 3, 2006 (Doc. No. 113).

### *Tax Returns Filed*

The Debtors historically overpaid their federal income taxes and designated the overpayment credit to be applied to the next year's tax period. They typically made estimated tax payments each year. The Debtors had an overpayment of $76,765.00 for tax year 2001, which was applied to their 2002 tax debt.[3] The IRS' literal transcript for the Debtors reflects the IRS applied the credit to their 2002 tax debt on April 15, 2002 and not April 15, 2003 when their 2002 return was due. They had an overpayment of $87,634.00 for tax year 2002, which was credited to their 2003 tax debt on April 14, 2003.[4]

The Debtors' 2003 federal income tax return was timely filed on March 15, 2004. It sets forth total tax debt of $24,017.00 for tax year 2003 and overpayment of $108,726.00 after deduction of payments of $132,743.00.[5] The Debtors elected to have all of the overpayment applied to their 2004 estimated tax.[6] The IRS assessed a tax debt of $24,017.00 on April 15, 2004 and, after application of estimated tax payments, withholdings, and the 2002 overpayment of $87,634.00, it agreed the Debtors had an overpayment of $108,726.00 to be applied to their 2004 taxes.[7]

The Debtors realized at some point they had omitted a prepetition financial transaction involving the sale of a promissory note from their 2003 federal income tax return and needed to amend the return to reflect an additional tax debt of $28,835.00.[8] Their error is referenced in their 2004 federal income tax return at line 64. The Debtors

---

[3] Doc. No. 45, Literal Transcripts for the Debtors pertaining to Form 1040 for the tax years ending December 31, 2001, December 31, 2002, December 31, 2003, December 31, 2004, and December 31, 2005.
[4] Id.
[5] Doc. No. 44, Exhibit 1, Lines 60, 69, and 62. The amount of $132,743.00 in line 62 consists of a withholding credit of $109.00, estimated tax payments of $45,000.00, and the tax year 2002 overpayment of $87,634.00.
[6] Id. at Line 71.
[7] Doc. No. 45.
[8] The sale of the note to US Bank generated a capital gain of $174,600.00.

executed their 2004 return post-petition on April 15, 2005 and it was timely filed. The return sets forth total tax debt of $37,910.00 for tax year 2004 and overpayment of $41,993.00.[9] The overpayment results from the deduction of credits totaling $79,903.00, which amount consists of withholdings of $12.00 and application of only $79,891.00 (not the full $108,726.00 credit) of the 2003 overpayment.[10] The difference between the full 2002 overpayment credit of $108,726.00 and $79,891.00 is $28,835.00—the exact amount of additional 2003 tax liability to be addressed by the Debtors in an amended return.

The Debtors elected to have all of the $41,993.00 overpayment applied to their 2005 estimated taxes.[11] The Debtors did not make any estimated tax payments for tax year 2004. The IRS assessed taxes of $37,910.00 for tax year 2004, and after application of a withholding credit of $12.00 and the 2003 overpayment of $108,726.00, it agreed the Debtors had an overpayment of $41,993.00.[12] The IRS initially transferred the $41,993.00 overpayment to 2005, but, due to the pending litigation, reversed the transfer. Accordingly, the $41,993.00 overpayment is still credited to the 2004 tax year.

The Debtors filed a complete joint 2003 Form 1040X amended federal income tax return on or about August 16, 2006 to include the transaction omitted from their original 2003 return.[13] The amended return sets forth a total net tax change of $28,835.00 resulting in a corrected total 2003 tax amount of $52,852.00.[14] An overpayment of $79,891.00 (the same figure found in Line 64 of their 2004 return) existed after

---

[9] Doc. No. 44, Exhibit 3, Lines 62 and 71.
[10] Doc. No. 44, Exhibit 3: Line 62 minus Line 70.
[11] Id. at Line 73.
[12] Doc. No. 45.
[13] Doc. No. 44, Exhibit 2. The Debtors had attempted to correct the 2003 error by filing an amended 2003 return on or about March 20, 2005, but the return was rejected by the IRS as incomplete. They filed a second amended 2003 return on April 7, 2005.
[14] Doc. No. 44, Exhibit 2, Line 10.

application of withholdings and estimated tax payments.[15] The IRS assessed an additional tax of $28,835.00 for tax year 2003 on October 17, 2005. There is no evidence establishing or suggesting the Debtors filed the amended return with fraudulent intent.

The Debtors requested an extension of the filing deadline for their 2005 federal income tax return to October 15, 2006.[16] They executed their 2005 joint federal income tax return on August 15, 2006 and it was timely filed.[17] Line 63 sets forth a total tax liability of $14,003.00 for tax year 2004 and an overpayment of $6,000.00 in Line 72 after application of a withholding credit of $3.00 and $20,000.00 for "2005 estimated tax payments and amount applied from 2004 return" (Line 65).[18] The Debtors did not apply all of the $41,993.00 overpayment contained in their 2004 return to their 2005 tax liability. They elected in Line 74 to apply the full $6,000.00 overpayment to their 2006 estimated tax.

The Debtors made quarterly estimated tax payments of $15,000.00 post-petition in 2005 towards their 2005 tax liabilities.[19] They did not remit any estimated payments for the first quarter of 2005. The IRS assessed a tax liability of $14,003.00 for tax year 2005 on October 16, 2006. The Debtors' right to a refund of any overpayments made for the 2005 tax year does not arise until the conclusion of the tax year on December 31, 2005. The Debtors' post-petition 2005 estimated payments are post-petition credits and not property of the estate.

---

[15] Id. $52,852.00 (Line 10 total tax) less $132,743.00 (Line 18 total payments) equals an over payment of $79,891.00 (Line 19).
[16] Doc. No. 45.
[17] Doc. No. 44, Exhibit 4.
[18] Id.

### *Competing Claims to the Overpayment*

The IRS applied 100% of the 2003 overpayment of $108,726.00 to tax year 2004 resulting in a remainder overpayment of $70,828.00, which the IRS is holding.[20] The IRS explains: "The remainder of this overpayment, minus debtors' 2004 liabilities, still 'resides' in the 2004 account."[21] The funds held by the IRS constitute a prepetition credit. The IRS has not set off the overpayment against the Debtors' $28,835.00 additional 2003 tax liability due to the pending bankruptcy case nor has it issued a refund check to the Debtors.[22] The IRS filed a proof of claim, Claim No. 3, asserting a secured claim of $30,177.17. The claim is based on the assessment made on October 17, 2005 of taxes due of $28,835.00 for tax year 2003 and an interest charge of $1,342.17 (through the Petition Date).[23] The IRS assessed additional interest of $1,455.96 on October 17, 2005. It is unclear whether this assessment is in addition to the interest included in Claim No. 3.

Each party asserts rights in the $70,828.00 overpayment. The IRS asserts a right to set off its secured claim against the overpayment funds. It contends it can setoff the prepetition liability of $28,835.00, plus accrued interest, against prepetition credits, leaving a balance of $40,650.83 to be turned over to the Trustee as property of the estate.

The Debtors agree the IRS should be entitled to set off the 2003 additional liability against the overpayment, but the IRS is not entitled to interest. They contend their first quarter 2005 estimated tax liability should also be set off against the

---

[19] Doc. No. 45, Tax Year 2005.
[20] The Debtors only applied a portion ($79,891.00) of the 2003 overpayment to their 2004 return (see Line 64 of their 2004 return). Doc. Nos. 45 (see Tax Period 2004) and 47 at ¶ 1. The amount of $108,726.00 less $37,910.00 (Line 62 of Debtors' 2004 return) equals $70,828.00.
[21] Doc. No. 47 at ¶1. The IRS does not define the term "resides" or how the funds are segregated, if at all.
[22] An Order granting a preliminary injunction preventing the IRS from conveying, applying, transferring, or setting off the overpayment was entered on December 2, 2005 (Doc. No. 15). The IRS initially transferred the $28,835.00 credit back to 2003, but it reversed the transfer pending the outcome of this adversary proceeding.

overpayment, resulting in a net recovery to the estate of $36,652.50.[24] Mr. Carpenter estimates the Debtors' tax liability for January 1, 2005 through March 31, 2005 (a prepetition period) to be $5,340.50.[25] The Debtors assert "since the first quarter of 2005 was a prepetition period, $5,340.50 (or at least $5,000.00) of their overpayment should be used to satisfy their liability for that period, and that the government's right of setoff extends to secure payments of the Carpenters' federal income tax liabilities through and including March 31, 2005."[26]

The Debtors contend alternatively, if no federal income tax liability exists for 2005, the amount of $5,340.50 should be retained by the IRS and applied to their 2006 estimated taxes. The IRS does not take a position on the issue of whether any 2005 tax liability may be set off against the overpayment. The Debtors have presented no authority in support of their position a right of setoff extends into 2005. Their position is contrary to the relevant statutory and case law. They are not entitled to setoff any 2005 tax liability against the overpayment.

The Trustee, through her Complaint and Claim Objection, believes she is entitled to recover 100% of the overpayment because it is property of the estate. She contends the Debtors cannot undo the election they made on Line 71 of their 2003 return to apply 100% of the $108,726.00 overpayment to their 2004 tax liability and that the filing of the amended return constitutes an avoidable post-petition fraudulent conveyance by the Debtors. She further contends the IRS can only exercise setoff where the overpayment and tax liability are in the same tax year.

---

[23] Doc. No. 45.
[24] The IRS contends the Trustee is entitled to $40,650.83 ($108,726.00 plus $12.00 less $30,177.17 less $37,910.00). The Debtors contend the Trustee is entitled to $41,993.00 (the IRS' interest assessment is excluded) less $5,340.50 for their estimated first quarter 2005 liability.
[25] Doc. No. 43, which contains a *pro forma* 2005 federal income tax return prepared by Mr. Carpenter.

The $28,835.00 tax liability reflected in the Debtors' amended 2003 tax return is a liability resulting from prepetition events and constitutes a prepetition tax debt for the tax year 2003. The Debtors' filing of an amended 2003 return in 2005 does not convert the $28,835.00 liability into a post-petition liability, nor was the filing of the return an attempt by the Debtors to fraudulently convert property of the estate to a post-petition obligation. The Debtors did not make any unlawful transfer of the overpayment. The 2003 tax year overpayment by the Debtors that resulted in the IRS holding $70,828.00 in the Debtors' 2004 account constitutes a prepetition asset, or, put another way, a prepetition liability owed by the IRS to the Debtors.

The Debtors and the IRS owe each other prepetition debts that are mutual. The IRS has a right to set off the Debtors' 2003 additional tax liability of $28,835.00 against the overpayment held by the IRS. The IRS holds a secured claim in the amount of $28,835.00 by virtue of its right of setoff. It is unclear from the submissions made the basis for IRS' assessment of interest on the $28,835.00 liability. Claim No. 3 is due to be allowed in the amount of $28,835.00 and the interest component of the claim is due to be disallowed.

The overpayment balance of $41,993.00, after setoff of the $28,835.00 additional 2003 liability against the $70,828.00 held by the IRS, constitutes property of the estate and is due to be turned over to the Trustee.

## CONCLUSIONS OF LAW

The Trustee and the IRS assert entitlement to the $70,828.00 overpayment through their competing summary judgment motions. The Debtors assert rights in the overpayment through their pleadings. Granting summary judgment is appropriate "if the

---

[26] Doc. No. 48 at ¶ 3.

8

pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) (2005) (made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7056). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

After a movant makes a properly supported summary judgment motion, the non-moving party must establish specific facts showing the existence of a genuine issue of fact for trial. Fed. R. Civ. P. 56(e). The non-moving party may not rely on the allegations or denials in its pleadings to establish a genuine issue of fact, but must come forward with an affirmative showing of evidence. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A court determining entitlement to summary judgment must view all evidence and make reasonable inferences in favor of the party opposing the motion. Hayes v. City of Miami, 52 F.3d 918, 921 (11th Cir. 1995).

There are no material facts in dispute. The issues for determination are solely legal issues.

The Debtors consistently overpaid their taxes prepetition resulting in a prepetition overpayment of $70,828.00 for tax year 2004. The Debtors have a legal interest in the $70,828.00 overpayment held by the IRS. The overpayment is a debt owed to the Debtors by the IRS for which the Debtors can receive a refund. It is well established the proceeds due from a tax overpayment become property of the estate to the

extent that the overpayment was made prepetition. Kokoszka v. Belford, 417 U.S. 642, 648, 94 S. Ct. 2431, 41 L.Ed.2d 374 (1974); U.S. v. Michaels, 840 F.2d 901, 901-02 (11th Cir. 1988); In re Barkowsky, 946 F.2d 1516, 1518 (10th Cir. 1991); In re McEachern, No. 04-23263, 2005 WL 2792369, at *2 (Bankr. N.D. Ohio Sep. 6, 2005); In re Vacuum Corp., 215 B.R. 277, 279 (Bankr. N.D. Ga. 1997); In re Lancaster, 161 B.R. 308, 308 (Bankr. S.D. Fla. 1993). Property of the estate is defined broadly to include "all legal and equitable interests in the debtor in property as of the commencement of the case wherever located and by whomever held." 11 U.S.C. § 541(a)(1) (2005). The overpayment of $70,828.00 constitutes property of the estate pursuant to § 541(a)(1).

Section 542(a) of the Bankruptcy Code requires an entity in possession of property of the estate to turnover such property to the trustee. Sections 542(b) and 553 create a setoff right where there is mutuality of debt. Section 542(b) provides: "an entity that owes a debt that is property of the estate and that is matured . . . shall pay such debt to, or on the order, the trustee, except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor." Section 553(a) provides: ". . . this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that *arose before the commencement of the case* . . . against a claim of such creditor against the debtor that arose before the commencement of the case . . . ." The right of setoff does not exist where a creditor's claim has been disallowed. 11 U.S.C. § 553(a)(1) *(emphasis added)*.

Section 506(a)(1) of the Bankruptcy Code provides an "allowed claim of a creditor . . . that is subject to setoff under section 553 of this title, is a secured claim . . . to the extent of the amount subject to setoff . . . ."

The IRS contends it has a right to setoff its claim, Claim No. 3, against the $70,828.00 overpayment and, by virtue of its setoff right, its claim is secured. Statutory and case law support the IRS' position. The IRS has a claim in the principal amount of $28,835.00 for the Debtors' additional 2003 tax year liabilities and asserts interest charges of $1,342.17 are due and owing. The principal amount of $28,835.00 constitutes a prepetition debt. The IRS has not established it is entitled to interest on the principal debt and the interest charges of $1,342.17 contained in the claim shall be disallowed. The IRS is granted leave to file a motion for reconsideration of this issue setting forth why it may assess interest on the principal underlying tax liability. Jurisdiction is retained to address this matter in the event the IRS seeks reconsideration of the interest disallowance.

The IRS has a common law right to setoff prepetition liabilities against prepetition overpayments. See <u>Citizens Bank of Maryland v. Strumpf</u>, 516 U.S. 16, 18, 116 S. Ct. 286, 133 L.Ed.2d 258 (1995) (explaining "[t]he right of setoff (also called 'offset') allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding the absurdity of making A pay B when B owes A.") (*internal citation omitted*); <u>United States v. Munsey Trust Co.</u>, 332 U.S. 234, 239, 67 S. Ct. 1599, 91 L. Ed. 2022 (1947) (acknowledging "[t]he government has the same right which belongs to every creditor, to apply the unappropriated moneys of his debtor, in his hands, in extinguishment of the debts due to him.") (*internal citation omitted*).

The IRS has a statutory right of setoff pursuant to 26 U.S.C. § 6402(a) which provides: "In the case of any overpayment, the Secretary, within the applicable period of limitations, may credit the amount of such overpayment, including any interest allowed

thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall, subject to subsections (c), (d) and (e), refund any balance to such person." 26 U.S.C. § 6402 (2002). No party has alleged an applicable period of limitations bars the IRS from exercising its statutory setoff rights.

The IRS and the Debtors have mutual prepetition debts that can be set off against each other pursuant to common law and 26 U.S.C. § 6402(a). Section 553(a) of the Bankruptcy Code preserves this right of setoff because: (i) the IRS has a valid right of setoff pursuant to common and statutory law; (ii) the IRS and the Debtors owe each other prepetition debts; and (iii) the debts are mutual—they are between the same parties and are due and owing in the same capacity. This set off right creates a secured debt in the amount of $28,835.00 in favor of the IRS pursuant to § 506(a)(1) of the Bankruptcy Code. Claim No. 3 is due to be allowed in the amount of $28,835.00 and the interest component of the claim is due to be disallowed.

Setoff of $28,835.00 against the overpayment of $70,828.00 results in the IRS holding an overpayment balance of $41,993.00, which constitutes property of the estate pursuant 11 U.S.C. § 541(a). The IRS must turnover the overpayment balance to the Trustee pursuant to § 542(a).

The Debtors' contention they have a prepetition tax liability of $5,340.50 for the first quarter of 2005 which should be setoff against the overpayment is contrary to established case law and statutory law. This issue was squarely addressed by the Fifth Circuit Court of Appeals in <u>United States v. Ripley (In re Ripley)</u>, 926 F.2d 440 (5th Cir. 1991) and the United States Bankruptcy Court for the Eastern District of Pennsylvania in <u>In re Wilkoff</u>, No. 98-34354DWS, 2001 WL 91624 (Bankr. E.D. Pa. January 24, 2001).

In both cases the debtors filed bankruptcy petitions in November and argued three-fourths of their tax liability for the petition year became payable before the petition date as a result of quarterly installment payments due pursuant to 26 U.S.C. § 6654. Both courts disagreed with the debtors' positions. The Fifth Circuit explained:

> The Internal Revenue Code of 1986 is the appropriate place to look in determining when taxes 'become payable.' Section 6151 states, 'when a return of tax is required under this title or regulations, the person required to make such return shall, without assessment or notice and demand from the Secretary, pay such tax to the internal revenue officer with whom the return is filed, and shall pay such tax at the time and place fixed for filing the return . . . . This statutory provision reflects the annual nature of income and self-employment taxes.
>
> In addition, the IRS cannot seek immediate payment of an unpaid quarterly installment: It must wait until after the taxpayer has filed his annual tax return.
>
> Under the estimated tax payment procedure, the installment payments must total at least 90 percent of the tax eventually due or 100 percent of the tax paid in the prior year. Accordingly, to determine whether a particular installment payment was deficient (for purposes of calculating any addition to the tax), the IRS must wait until after the tax return is filed.
>
> That the installments are due at the end of each quarter does not mean that the tax itself is due at that time. Furthermore, section 6151 patently indicates that the tax itself is due when the return is requires to be filed. . . The code recognizes that the quarterly installment payments are merely prepayments, not payments of the tax itself.

United States v. Ripley, 926 F.2d at 444-45, 447 (*citations omitted*). The Pennsylvania Bankruptcy Court similarly concluded:

> The quarterly installment payments required under § 6654 are not based on or related to income earned during that particular quarter of the year. Rather, they are prepayments toward the income tax which the taxpayer will ultimately owe for the current tax year. Such income tax is calculated annually and not quarterly, based on income, deductions, exemption, etc., for the entire year.

In re Wilkoff, 2001 WL 91624, at *5. Accordingly, all estimated taxes paid by the Debtors during 2005 are deemed paid on April 15, 2006 and a right to a refund for 2005 overpayments did not arise until the conclusion of the tax year. 26 U.S.C. § 6513(b)(2), 6072(a). The Debtors' 2005 estimated tax payments are postpetition credits and not property of the estate.

The Debtors' 2005 income taxes became payable when their 2005 return was due to be filed and not on the dates when the installment payments for 2005 were due. Any and all 2005 tax liability constitutes a post-petition debt. The Debtors are not entitled to setoff any 2005 tax liability against the prepetition overpayment. The Trustee is entitled to turnover of $41,993.00 from the IRS. Summary judgment in favor of the Trustee on Count I of her Amended Complaint is due to be granted.

There is no evidence the Debtors filed their amended 2003 return with actual intent to hinder, delay, or defraud any creditor. The Debtors did not transfer any overpayment in violation of § 548 or § 549 of the Bankruptcy Code. The Trustee has not established the Debtors made a fraudulent transfer pursuant to § 548(a)(1)(A) or an avoidable post-petition transfer pursuant to §§ 549 and 551. The Trustee is not entitled to judgment as a matter of law on Counts II and III of her Amended Complaint. The Trustee is not entitled to judgment as a matter of law on Count IV of her Amended Complaint because the Debtors did not make any 2005 estimated tax payments to the IRS during the first quarter of 2005. The preliminary injunction granted by this Court continues to be in effect and Count V of the Amended Complaint is moot. The IRS must turnover the overpayment balance of $41,993.00 to the Trustee.

Accordingly, it is

**ORDERED, ADJUDGED and DECREED** that the Trustee's Motion for Summary Judgment is hereby **GRANTED** as to Count I of her Amended Complaint and **DENIED** as to Counts II, III, IV, and V of her Amended Complaint; and it is further

**ORDERED, ADJUDGED and DECREED** that the IRS' Motion for Summary Judgment is hereby **DENIED** as to Count I of the Trustee's Amended Complaint and **GRANTED** as to Counts II, III, IV, and V; and it is further

**ORDERED, ADJUDGED and DECREED** that the Trustee's Claim Objection is hereby **SUSTAINED**; and it is further

**ORDERED, ADJUDGED and DECREED** that Claim No. 3 is hereby **ALLOWED** in the amount of $28,835.00 and the interest portion is **DISALLOWED**; and it is further

**ORDERED, ADJUDGED and DECREED** that the IRS has a right to set off the Debtors' 2003 tax year liability of $28,835.00 against the overpayment of $70,828.00, with an overpayment balance of $41,993.00 which constitutes property of the estate pursuant 11 U.S.C. § 541(a) and the IRS must turnover said overpayment balance to the Trustee pursuant to 11 U.C.C. § 542(a); and it is further

**ORDERED, ADJUDGED and DECREED** that the Court retains jurisdiction to address any motion for reconsideration the IRS may file on the issue of the interest disallowance.

A separate Judgment consistent with these Findings of Fact and Conclusions of Law shall be entered contemporaneously.

Dated this ____ day of December, 2006.

ARTHUR B. BRISKMAN
United States Bankruptcy Judge